UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY J. McDANIEL,<br>**Plaintiff**<br>v.<br>**GEICO GENERAL INSURANCE COMPANY, and DOES 1-100 inclusive,**<br>**Defendants** | CASE NO. 1:12-CV-2028 AWI JLT<br><br>ORDER FOR ENTRY OF JUDGMENT |

On September 24, 2014, the Court granted Plaintiff Amy McDaniel's ("McDaniel") motion for summary judgment, and denied GEICO General Insurance Co.'s ("GEICO") motion for summary judgment. See Doc. No. 43. As part of that order, the Court required McDaniel to submit a proposed judgment and a supporting brief. See id. The Court gave GEICO the opportunity to file an opposition to McDaniel's proposed judgment. See id. The parties have completed their briefing. See Doc. Nos. 44-48.

### I. OFFSET

*Parties' Contentions*

The principal dispute is whether an offset applies in this case. GEICO argues that prior to the August 16, 2011 entry of judgment in state court, McDaniel accepted settlements from five individuals that totaled $565,000.00. GEICO argues that the offset provided by California Code of Civil Procedure § 877 should apply to the $565,000.00. GEICO argues that to adopt McDaniel's proposed judgment and figures without an offset of $565,000 would result in an improper double recovery.

McDaniel argues that the state court instructed the parties to seek adjustments to the entered judgment through post-judgment motions. GECIO filed no such motions and requested no modifications. The state court's judgment is now final, and the time to modify the judgment or seek settlement credits has now passed.

*Legal Standard*

Code of Civil Procedure § 877 provides in part, "Where a release … is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect:  (a) It shall not discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release … , or in the amount of the consideration paid for it, whichever is the greater." Cal. Code Civ. Pro. § 877(a).  Thus, § 877(a) provides a reduction or offset on a judgment to non-settling defendants for the sum paid by the settling defendants.  See Wakefield v. Bohlin, 145 Cal.App.4th 963, 979 (2006);[1] Brandon G. v. Gray, 111 Cal.App.4th 29, 40 (2003). The purposes of § 877 are to provide for equitable sharing of damages, to encourage settlement, and to prevent a plaintiff from obtaining a double recovery. See In re JTS Corp., 617 F.3d 1102, 1116 (9th Cir. 2010); Wakefield, 145 Cal.App.4th at 979.

*Discussion*

After considering § 877 and the arguments of the parties, the Court cannot find that § 877 has any application to this case.

First, GEICO focuses on McDaniel's wrongful death state court lawsuit against the Estate of Edward Murotani ("the Estate") and the settlements obtained in that suit. Significantly, GEICO was not a defendant in that case, and had nothing to do with Steven McDaniel's death. GEICO was merely the insurer of Edward Murotani. "Insurance carriers are neither joint tortfeasors nor 'co-obligors'; their obligations arise strictly out of separate contracts with their insureds." Fireman's Fund Ins. Co. v. Maryland Casualty Co., 65 Cal.App.4th 1279, 1293 n.3 (1998); see Topa Ins. Co. v. Fireman's Fund Ins. Companies, 39 Cal. App. 4th 1331, 1338-39 (1995). Since

---

[1] Disapproved on other grounds by Goodman v. Lozano, 47 Cal. 4th 1327, 1334 (2010).

1   GEICO is not a tortfeasor in the wrongful death case, GEICO has not shown that § 877 applies to
2   it or the $565,000.00.  See Fireman's Fund, 65 Cal.App.4th at 1293 n.3; Topa Ins., 39 Cal.App.4th
3   at 1338-39; Pacific Estates, Inc. v. Superior Ct., 13 Cal.App.4t h 1561, 1571 (1993) ("No reported
4   decision we are aware of defining the parameters of the statutory definition of 'tortfeasor' has
5   considered an insurer of a tortfeasor defendant, cross-defendant or 'likely defendant' a 'tortfeasor'
6   or party equally bound by a good faith determination under [Code of Civil Procedure] § 877.6.").

7   Second, GEICO is, and always has been, the only defendant in the case at bar.  Section
8   877(a) "presupposes the existence of multiple defendants jointly liable for the same damages."
9   Greathouse v. Amcord, Inc., 35 Cal.App.4th 831, 838 (1995); Hoch v. Allied-Signal, Inc., 24
10  Cal.App.4th 48, 63 (1994).  Without co-defendants, § 877 has no application to GEICO.  See id.

11  Third, McDaniel's state court wrongful death case does not involve the same rights or
12  damages as this case.  The state court claim involved the wrongful death of Steven McDaniel in
13  2008, and the damages that flowed to McDaniel from Steven's death.  The claim in this case arises
14  out of GEICO's failure to accept McDaniel's reasonable settlement offer in September 2009, and
15  the damages that flowed to the Estate from GEICO's failure, i.e. the excess judgment entered
16  against the Estate in August 2011.  The case at bar and the state court case do not involve the
17  "same damages" from "an indivisible injury" to McDaniel.  See Greathouse, 35 Cal.App.4th at
18  838, 840; Hoch, 24 Cal.App.4th at 63.

19  It is true that McDaniel is the one who is bringing this lawsuit against GEICO, that
20  GEICO's conduct occurred in the context of the wrongful death state court lawsuit, and that
21  McDaniel has already recovered $565,000 through the wrongful death lawsuit.  Given these facts,
22  GEICO's argument against a double recovery has some appeal.  However, McDaniel brings this
23  suit as the assignee of the Estate.  As an assignee, McDaniel steps into the shoes of the Estate.  See
24  Anderson v. Nationwide Mut. Ins. Co., 2013 U.S. Dist. LEXIS 57705, *6-*7 (E.D. Cal. Apr. 19,
25  2013); Doser v. Middlesex Mutual Ins. Co., 101 Cal.App.3d 883, 890 (1980); Glacier Gen.
26  Assurance Co. v. Superior Ct., 95 Cal.App.3d 836 (1979).  That means McDaniel is not
27  vindicating her own rights case *per se*.  The rights that McDaniel is vindicating are the Estate's
28  rights to have its insurer accept a reasonable settlement offer and not be subject to an excess

1  judgment. See Communale v. Traders & Gen. Ins. Co., 50 Cal.2d 654, 661 (1958). As such, the
2  case before this court is "essentially between the insured and the insurer," i.e. between the Estate
3  and GEICO. Anderson, 2013 U.S. Dist. LEXIS 57705 at *7; Glacier Gen., 95 Cal.App.3d at 839.
4  Because the recovery in this case is based on GEICO's breach of a duty owed to the Estate, and
5  not a duty owed to McDaniel, the damages obtained by McDaniel in her two lawsuits are separate
6  and distinct. GEICO has cited no on point and contrary authority. Therefore, the Court finds no
7  danger of a double recovery.

8  In sum, the Court concludes that § 877 has no application to this case, and that McDaniel is
9  not obtaining a double recovery.

## II.   AMOUNT OF JUDGMENT

The Court has determined that, because the Estate was solvent at the time judgment was entered against it, the typical measure of damages for a bad faith failure to settle claim applies. See McDaniel v. GEICO, 2014 U.S. Dist. LEXIS 134906, *59-*63 (E.D. Cal. Sept. 24, 2014). That is, the damages in this case are the amount of the excess judgment. See id.; Hamilton v. Maryland Casualty Co., 27 Cal.4th 718, 724 (2002); Purdy v. Pacific Auto. Ins. Co., 157 Cal.App.3d 59, 74 (1984).

The parties agree on the amount of the verdict, and that McDaniel is entitled to a 10% per year rate of interest from the time judgment was entered in the state court to the date of this order. See Cal. Code. Civ. Pro. § 685.010; Doc. No. 44 at pp. 1-3; Doc. No. 48 at pp. 6-7. The parties agree that there are three relevant time frames and three amounts for interest calculations: August 16, 2011 (the date judgment was entered in state court) to April 6, 2012 (the date that GEICO unconditionally tendered $100,000 to McDaniel); April 7, 2012 (the day after GEICO's tender) to the present; and October 17, 2011 (the date the state court awarded McDaniel costs) to the present. See Doc. No. 44 at pp. 2-3; Doc. No. 48 at pp. 6-7. The parties' disagreement was whether to apply an offset. As explained above, an offset is not appropriate. In the absence of an offset, and in the absence of additional objections from GEICO, the Court will generally utilize McDaniel's calculations.

4

1    On August 16, 2011, the state court entered a verdict of $3,367,741.00, of which the Estate
2 was responsible for $3,067,741.00. See Nichols Dec. Ex. 1. The daily rate of interest (at a rate of
3 10% per year) was $840.47. For the period of 233 days (August 16, 2011 to April 6, 2012),
4 $195,829.51 of interest accumulated.

5    On April 6, 2012, GEICO paid McDaniel $100,000.00. See Nichols Dec. Ex. 3. On April
6 7, 2011, GEICO owed $2,967,741 on the original judgment, excluding interest. See Nichols Dec.
7 Exs. 1, 3. The daily rate on this lower figure (at a rate of 10% per year) is $813.07. For the period
8 of 916 days (April 7, 2012 to October 10, 2014), $744,772.12 of interest accumulated.

9    On October 17, 2011, the state court awarded costs against the Estate in the amount of
10 $21,075.80. See Nichols Dec. Ex. 4. The daily rate of interest (at a rate of 10% per year) is $5.77.
11 For a period of 1,103 days (October 17, 2011 to October 10, 2014), $6,364.31 of interest
12 accumulated.

13    The total due to McDaniel is $3,935,782.74 ($2,967,741 + $195,829.51 + $744,772.12 +
14 $21,075.80 + $6,364.31). The Court will direct that judgment in this amount be entered.

## ORDER

Accordingly, IT IS HEREBY ORDERED that the Clerk shall enter judgment in favor Plaintiff and against Defendant in the amount of $3,935,782.74.

This Order is being signed FOR Senior District Judge Anthony W. Ishii who is out of the Country and unavailable to sign.

IT IS SO ORDERED.

Dated:   **October 10, 2014**            **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

5